# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| JACOB BYLER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-04032-MDH |
| PITTENGER LAW GROUP, LLC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 37). Defendant moves to dismiss Plaintiff's First Amended Complaint stating Plaintiff cannot state a claim for violation of 15 U.S.C. §§ 1692f; 1692i; 1692d-f; 1692e and that Plaintiff does not have standing. The motion is fully briefed and for the reasons set forth herein is denied.

## STANDARD OF REVIEW

To state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "The pleading must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. American Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016)(internal quotation omitted).

## DISCUSSION

Plaintiff's First Amended Complaint is an action for actual and statutory damages for violations of the Fair Debt Collections Practices Act. (Doc. 33). Plaintiff alleges Defendant filed a lawsuit against him in Cole County, Missouri to recover an alleged debt from a personal loan servicing agreement between Plaintiff and OneMain Financial Group, LLC. Plaintiff alleges Defendant misrepresented to the state court the terms of the agreement, specifically a venue provision clause. Plaintiff further alleges Defendant failed to effectuate service on Plaintiff in the state court proceeding. Plaintiff claims Defendant obtained a default judgment based on a "fabricated" return of service and began to garnish Plaintiff's wages. Plaintiff's lawsuit alleges Defendant had no right or authority to collect from Plaintiff and forced Plaintiff to hire legal counsel and incur losses because of a default judgment "procured via fraud." Plaintiff's complaint alleges the state court granted Plaintiff's motion to set aside the default judgment after a full hearing on the merits.

Defendant's motion to dismiss disputes all these claims. However, Defendant's arguments go to the merits of the claims and not whether Plaintiff has set forth enough to survive a motion to dismiss. As stated in Plaintiff's response to the motion, "Defendant's position is that literally all of Plaintiff's well-pleaded facts are in fact untrue." For example, Defendant's motion argues if the Return of Service in the state court proceeding contained an allegedly false statement about personal service the statement was made by the Sheriff's Department and not by Defendant. The Court makes no ruling on whether Plaintiff can ultimately prevail on his claim, or any factual allegations contained in the complaint or Defendant's briefing, but for purposes of pleading a claim to survive a motion to dismiss Plaintiff has met that burden.

Defendant's arguments that Plaintiff's claims have no merit are better suited for a dispositive motion after evidence has been discovered and presented to the Court. Here, the Court finds Plaintiff has pled a claim under the Fair Debt Collection Practices Act and the motion to dismiss is denied.

## CONCLUSION

Wherefore, for these reasons stated herein, the Court **DENIES** the motions to dismiss.

**IT IS SO ORDERED.**

Dated: November 8, 2022                     /s/ Douglas Harpool
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**